Caputo v Brown (2021 NY Slip Op 04212)





Caputo v Brown


2021 NY Slip Op 04212


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-01551 
2019-01553
 (Index No. 50877/18)

[*1]Donna Caputo, appellant-respondent,
v
Redora Brown, et al., respondents, Jeffrey Leete, et al., respondents-appellants.


Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher Soverow], of counsel), for appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondents-appellants.
Schwab Gasparini, PLLC, White Plains, NY (Louis U. Gasparini of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated December 19, 2018, and (2) an order of the same court dated January 7, 2019, and the defendants Jeffrey Leete, Penske Truck Leasing Corporation, and Penske Truck Leasing Co., L.P., cross-appeal from the order dated January 7, 2019. The order dated December 19, 2018, denied the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants Redora Brown and Jeffrey Leete, granted that branch of the cross motion of the defendants Redora Brown and ACT Leasing, Inc., which was for summary judgment dismissing the complaint insofar as asserted them, and, in effect, searched the record and awarded summary judgment to the defendants Jeffrey Leete, Penske Truck Leasing Corporation, and Penske Leasing Co., L.P., dismissing the complaint insofar as asserted against them. The order dated January 7, 2019, granted that branch of the cross motion of the defendants Redora Brown and ACT Leasing, Inc., which was for summary judgment dismissing all cross claims asserted against them by the defendants Jeffrey Leete, Penske Truck Leasing Corporation, and Penske Leasing Co., L.P.
ORDERED that the order dated December 19, 2018, is modified, on the law, by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the defendants Jeffrey Leete, Penske Truck Leasing Corporation, and Penske Leasing Co., L.P., dismissing the complaint insofar as asserted against them; as so modified, the order dated December 19, 2018, is affirmed; and it is further,
ORDERED that the plaintiff's appeal from the order dated January 7, 2019, is dismissed as abandoned and on the ground that the plaintiff is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the order dated January 7, 2019, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Redora Brown and ACT Leasing, Inc., which was for summary judgment dismissing all cross claims asserted against the defendant Redora Brown by the defendants Jeffrey Leete, Penske Truck Leasing Corporation, and Penske Leasing Co., L.P., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated January 7, 2019, is affirmed on the cross appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendants Redora Brown and ACT Leasing, Inc., payable by the plaintiff.
On January 9, 2018, a motor vehicle owned by the defendant ACT Leasing, Inc. (hereinafter ACT), that was leased to nonparty Opengate, Inc. (hereinafter Opengate), operated by an Opengate employee, the defendant Redora Brown in the course of her employment, and occupied by the plaintiff, who was Brown's coworker and passenger, was involved in an accident with a motor vehicle owned by the defendants Penske Truck Leasing Corporation and Penske Leasing Co., L.P. (hereinafter together Penske), and operated by the defendant Jeffrey Leete. The vehicle driven by Brown and occupied by the plaintiff made a left turn into an intersection in front of the oncoming vehicle driven by Leete, resulting in a collision.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the accident. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability insofar as asserted against Brown and Leete. Brown and ACT cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them pursuant to the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law § 29[6]) and the Graves Amendment (see 49 USC § 30106), respectively. By order dated December 19, 2018, the Supreme Court denied the plaintiff's motion, granted that branch of the cross motion of Brown and ACT which was for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, searched the record and, among other things, awarded summary judgment to Leete and Penske dismissing the complaint insofar as asserted against them. The plaintiff appeals from that order.
By order dated January 7, 2019, the Supreme Court granted that branch of the cross motion of Brown and ACT which was for summary judgment dismissing all cross claims asserted against them by Leete and Penske. Leete and Penske cross-appeal from that order.
"Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment" arising from the negligence of a coworker in the course of their employment (Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; see Workers' Compensation Law § 29[6]). Here, Brown demonstrated that both she and the plaintiff were co-employees of Opengate and that they were acting in the course of their employment at the time of the accident, and that the plaintiff had received benefits under the Workers' Compensation Law (see Zielinski v New Jersey Transit Corp., 170 AD3d at 928). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Brown was properly denied, and that branch of the cross motion of Brown and ACT which was for summary judgment dismissing the complaint insofar as asserted against Brown was properly granted.
The Graves Amendment provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) is engaged in the trade or business of renting or leasing motor vehicles, and (2) engaged in no negligence or criminal wrongdoing contributing to the accident (see 49 USC § 30106[a]; Edwards v J & D Express Serv. Corp., 180 AD3d 871, 873; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1012; Lozano v Magda, Inc., 165 AD3d 1249; Olmann v Neil, 132 AD3d 744). Therefore, to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, ACT was required to show (1) that ACT owned the subject vehicle driven by Brown, (2) [*2]that ACT engaged in the business of leasing or renting motor vehicles, (3) that the subject accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation of negligent maintenance contributing to the accident (see Lozano v Magda, Inc., 165 AD3d at 1249; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 979-980). Here, ACT met its prima facie burden (see Zielinski v New Jersey Tr. Corp., 170 AD3d at 928-929). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the cross motion of Brown and ACT which was for summary judgment dismissing the complaint insofar as asserted against ACT.
The vehicle operated by Leete had the right-of-way at the time of the accident. The operator of a vehicle with the right-of-way, i.e., Leete, is entitled to assume that the opposing driver, i.e., Brown, will obey the traffic laws requiring him or her to yield (see Kassim v Uddin, 119 AD3d 529, 530; Ahern v Lanaia, 85 AD3d 696; Vainer v DiSalvo, 79 AD3d 1023, 1024). However, "[a] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Kassim v Uddin, 119 AD3d at 529 [internal quotation marks omitted]; Todd v Godek, 71 AD3d 872). Here, the plaintiff failed to demonstrate, prima facie, that although Leete had the right-of-way as he entered the subject intersection, Leete failed to use reasonable care in avoiding the subject collision. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Leete, regardless of the sufficiency of Leete's opposition papers (see Howell v RS Cab Corp., 63 AD3d 1002).
However, the Supreme Court should not have, in effect, searched the record and awarded summary judgment dismissing the complaint insofar as asserted against Leete and Penske, since the evidence adduced failed to establish as a matter of law that Leete was free from negligence contributing to the accident, and Penske's purported liability was not at issue on the plaintiff's motion (see Baron v Brown, 101 AD3d 915).
We reinstate the cross claims of Leete and Penske against Brown. In the event that Leete or Penske is liable to the plaintiff, and the plaintiff suffered a grave injury, those defendants could recover against Brown on their cross claims (see Workers' Compensation Law § 11; Castillo v 711 Group, Inc., 10 NY3d 735).
The parties' remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court