Mauro v City of New York (2022 NY Slip Op 02401)

Mauro v City of New York

2022 NY Slip Op 02401

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-08408
 (Index No. 510940/15)

[*1]Linda Mauro, et al., respondents, 
v
City of New York, defendant, Keyspan Corporation, etc., et al., appellants.

Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for appellants.
Laurence Jeffrey Weingard, New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Keyspan Corporation and National Grid USA Service Company, Inc., appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated May 3, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Keyspan Corporation and National Grid USA Service Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On July 7, 2014, the plaintiffs allegedly were involved in a motor vehicle accident. The plaintiff Linda Mauro allegedly was operating a vehicle, in which the plaintiff Michelle Bulik allegedly was a passenger, in a westerly direction on Emmons Avenue at or near its intersection with Ford Street in Brooklyn when it came into contact with an opening in the roadway caused by a missing manhole cover. In September 2015, the plaintiffs commenced this personal injury action against the defendants Keyspan Corporation and National Grid USA Service Company, Inc. (hereinafter together the defendants), and another defendant. In February 2019, the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they were not proper parties to this action. The Supreme Court denied the motion, and the defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they were not proper parties to this action. The defendants established that Keyspan Corporation was merely a holding parent company (see generally Fridman v New York City Tr. Auth., 131 AD3d 1202; Serrano v New York Times Co., Inc., 19 AD3d 577, 578). Additionally, the defendants established that National Grid USA Service Company, Inc., merely provided services such as legal and accounting, and that it had no interest in the ownership, maintenance, or control of the subject manhole cover and the gas lines below it (see generally Fiero v City of New York, 190 AD3d 822, 823-824; Puzhayeva v City of New York, 151 AD3d 988, 990).
The plaintiffs' contention in opposition that the motion was premature is without merit. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Reynolds v Avon Grove Props., 129 AD3d 932, 933; see CPLR 3212[f]; Northfield Ins. Co. v Golob, 164 AD3d 682, 684). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760). Here, the plaintiffs failed to satisfy their burden of demonstrating that the defendants' motion was premature.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court