Muslar v Hall (2023 NY Slip Op 01063)

Muslar v Hall

2023 NY Slip Op 01063

Decided on February 28, 2023

Appellate Division, First Department

MENDEZ, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick
Lizbeth González Manuel Mendez Martin Shulman John R. Higgitt

Index No. 160598/20 Appeal No. 17168 Case No. 2022-02128 

[*1]Kenneth Muslar, Plaintiff-Appellant,
v
Kevin W. Hall et al., Defendants-Respondents.

Plaintiff appeals from an order of the Supreme Court, New York County (James G. Clynes, J.), entered April 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against Global, and GDM, and for a change of venue to Suffolk County, and denied plaintiff's cross motion to retain venue in New York County and motion to dismiss the affirmative defense alleging culpable conduct by plaintiff.

Paul H. Schietroma, P.C., Great Neck (Paul H. Schietroma of counsel), for appellant.
Lavin, Cedrone, Graver, Boyd & DiSipio, New York (Wayne A. Graver of counsel), for respondents.

MENDEZ, J. 

Plaintiff appeals from an order of the Supreme Court, New York County, entered April 4, 2022, to the extent it granted defendants' motion for summary judgment dismissing the complaint against defendants Global Rental Co., Inc. (Global) and Growth Development Marketing, Inc. (GDM) and for a change of venue from New York County to Suffolk County, and denied plaintiff's cross motion to retain venue in New York County and motion to dismiss insofar as it sought dismissal of the affirmative defense of plaintiff's culpable conduct. We find that defendants failed to make a prima facie case entitling them to summary judgment and to a change of venue, and that plaintiff established his entitlement to dismissal of the affirmative defense. Therefore, we reverse.
Plaintiff commenced this action in New York State Supreme Court, New York County, to recover for personal injuries sustained on March 2, 2018, when the Chevrolet pickup truck in which he was a passenger was struck on the driver's side by a Freightliner truck making an illegal U-turn from the westbound lane on the Northern State Parkway in Suffolk County. The Freightliner truck cut across the median and into the left eastbound lane of traffic, striking the pickup truck and propelling it into a ditch. The Freightliner truck was owned by Global, allegedly leased by GDM, rented to defendant Asplundh Construction, LLC (Asplundh), and driven by Asplundh's employee, defendant Kevin W. Hall. Global is an Alabama corporation with its principal place of business there, while GDM is an Illinois corporation with its principal place of business in California. Global and GDM maintain principal places of business in New York County. Asplundh maintains a principal place of business in Suffolk County, Hall is a resident of Massachusetts and plaintiff resides in California.
In his amended complaint, plaintiff alleged that "[t]he aforesaid occurrence and resulting serious personal injuries to plaintiff were due to the carelessness, negligence and distracted driving of Kevin Hall and the failure of Global Rental and Growth Development to provide Asplundh Construction with a properly maintained and operating truck, without any fault or wrongdoing on the part of the plaintiff contributing thereto (emphasis added). In his verified bill of particulars [*2]plaintiff alleged that "[s]aid occurrence was caused by reason of the negligence, carelessness and recklessness of the defendants in their operation, maintenance and control of the truck defendant Hall was operating at the above time and place . . ." (emphasis added). Global and GDM answered the complaint and raised as an affirmative defense that plaintiff's conduct contributed to the accident.
On March 12, 2021, defendants moved to dismiss the complaint as against Global and GDM for failure to state a cause of action or, alternatively, for summary judgement dismissing the complaint against them, and upon dismissal, to change venue of the action to Suffolk County. They argued that (1) under the Graves Amendment (49 USC § 30106) plaintiff was preempted from bringing this action against them which, as renters/lessors of the Freightliner truck involved in the motor vehicle accident, are only vicariously liable, and (2) upon their dismissal from the case, venue should be transferred to Suffolk County because, without them in this action, there were no other parties with New York County contacts.
On April 5, 2021, plaintiff opposed the motion and cross-moved to retain venue in New York County. On August 17, 2021, plaintiff moved to dismiss defendants' culpable conduct affirmative defense. In opposing defendants' motion, plaintiff argued that defendants failed to prove that the Graves Amendment applied to the facts of this case and failed to make a prima facie case entitling them to summary judgment. In support of his motion to dismiss defendants' affirmative defense plaintiff argued that his affidavit, and that of his coworker, established that, as a seatbelted passenger in the pickup truck, he had no culpable conduct. Supreme Court granted defendants' motion and denied plaintiff's cross motion and motion.
As to plaintiff's motion to dismiss the affirmative defense, he established his prima facie entitlement to summary judgment dismissing the affirmative defense that alleges that his conduct contributed to the accident, as both plaintiff and a nonparty coworker submitted affidavits stating that they were merely passengers in the vehicle while another coworker was driving. In opposition, defendants argue that plaintiff's motion was premature because depositions had not taken place but offer no evidence to refute plaintiff's account as stated in the affidavits submitted on his motion. The record therefore offers no suggestion that plaintiff was anything but an innocent seat belted passenger in the vehicle hit by defendants' truck (see Franklin v Chalov, 209 AD3d 524, 526 [1st Dept 2022]; Guzman v Desantis, 148 AD3d 580, 581 [1st Dept 2017]).
As to defendants' motion, they failed to establish their entitlement to summary judgment under the Graves Amendment, which bars state law vicarious liability actions against owners of motor vehicles when (1) they are engaged in the trade or business of renting or leasing motor vehicles, (2) they leased [*3]the vehicle involved in the accident, (3) the subject accident occurred during the period of the lease or rental and (4) there is no triable issue of fact as to the plaintiff's allegation of negligent maintenance contributing to the accident (49 USC § 30106[a]; see Caputo v Brown, 196 AD3d 456, 458 [2d Dept 2021]; Couchman v Nunez, 180 AD3d 645-646 [2d Dept 2020]).
In moving for summary judgment, defendants have the burden of proving each of the elements of the defense with evidence in admissible form. Here, defendants provided no evidence to support an award of summary judgment under the Graves Amendment.
The affidavits submitted in support of the motion have no probative value. A motion for summary judgment shall be supported by affidavit by a person having knowledge of the facts (CPLR § 3212[b]; Dempsey v Intercontinental Hotel Corp., 126 AD2d 477, 479 [1st Dept 1987]). An affidavit which is not made on the affiant's own personal knowledge is of no probative value as to the issues of fact that the affiant addresses (Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 410 [1st Dept 2021]; Oldham v City of New York, 155 AD3d 477, 477 [1st Dept 2017]). While the affidavits submitted by Global's controller and GDM's president state that they were engaged in the motor vehicle leasing business, that they were involved in renting the truck involved in the accident to Asplundh, and that their vehicle was being operated by Hall during the period of the lease or rental agreement, they provide no valid basis for those facts. Neither affidavit sufficiently establishes the basis — personal knowledge or from identifiable business records — for the affiants' knowledge of the contents of the affidavits. Therefore, they are of no probative value.
The documents submitted with the motion cannot be admitted as business records because they are not certified, and the affidavits do not lay a sufficient foundation for their admissibility (O'Connor v Restani Constr. Corp., 137 AD3d 672, 673 [1st Dept 2016]). Although an affidavit that is not based on the affiant's personal knowledge may still serve to authenticate a document for its admissibility as a business record, as long as the affiant demonstrates sufficient personal knowledge of the document in question (Bou v Llamoza, 173 AD3d 575, 576 [1st Dept 2019]), and the affidavit sufficiently establishes that the document falls within the business record exception to the hearsay rule (Buffington v Catholic Sch. Region of Northwest & Southwest Bronx, 198 AD3d 410, 411[1st Dept 2021]; Doe, 192 AD3d at 411; Oldham v City of New York, 155 AD3d at 478 supra), here we are lacking both. The "acknowledgment of lease" letters — which refer to an unattached "previously executed Equipment Rental Agreement" — submitted with these affidavits are not certified as business records, nor do the affidavits lay a sufficient foundation for the letters' introduction as business records. Without a proper foundation, these documents [*4]are not admissible.
Defendants failed to attach to the moving papers a copy of the "Equipment Rental Agreement" referenced in the acknowledgment letters. Without the agreement, they cannot refute plaintiff's allegation that defendants failed to provide Asplundh with a properly maintained and operating truck. Their affidavits do not say that the Freightliner truck did not have any mechanical defects, that it was properly maintained and in good working order at the time it was delivered to Asplundh, and that Asplundh was charged with the obligation to properly maintain and repair it. Defendants failed to prove the condition of the Freightliner truck at the time of delivery to Asplundh or at any time up to the happening of the accident. When a plaintiff seeks to hold a vehicle owner liable for the failure to maintain a rented vehicle, the owner is not afforded protection under the Graves Amendment if it fails to demonstrate that it did not negligently maintain the vehicle (Couchman, 180 AD3d at 646; Collazo v MTA-New York City Tr., 74 AD3d 642, 643 [1st Dept 2010]), or to prove that it was not responsible for the maintenance and repair of the vehicle during the lease (Kalair v Fajerman, 202 AD3d 625, 627 [1st Dept 2022]; Caputo, 196 AD3d at 458). Defendants' motion for summary judgment dismissing the complaint against them must therefore be denied.
Turning to the issue of venue, Global and GDM maintain principal places of business in New York County, according to the Entity Information filed with the New York State Department of State Division of Corporations for each business. A defendant's designated principal place of business is controlling for venue purposes (see Crucen v Pepsi-Cola Bottling Co. of N.Y., Inc., 139 AD3d 538, 539 [1st Dept 2016]). Consequently, venue is proper in New York County. Therefore, defendants' motion to change venue should be denied and plaintiff's cross motion to retain venue in New York County should be granted.
Accordingly, the order, Supreme Court, New York County (James G. Clynes, J.), entered April 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against Global and GDM, and for a change of venue to Suffolk County, and denied plaintiff's cross motion to retain venue in New York County and motion to dismiss the affirmative defense alleging culpable conduct by plaintiff, should be reversed, on the law, without
costs, defendants' motion denied in its entirety and plaintiff's motion to dismiss the affirmative defense and plaintiff's cross motion to retain venue in New York County granted.
Order, Supreme Court, New York County (James G. Clynes, J.), entered April 4, 2022, reversed, on the law, without costs, defendants' motion denied in its entirety and plaintiff's motion to dismiss the affirmative defense and plaintiff's cross motion to retain venue in New York County granted.
Opinion by Mendez, J. [*5]All concur.
Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023