Dowd v Kharieh Bros., Inc. (2023 NY Slip Op 02496)

Dowd v Kharieh Bros., Inc.

2023 NY Slip Op 02496

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-05388
 (Index No. 519857/18)

[*1]Louis Dowd, appellant, 
v
Kharieh Bros., Inc., etc., et al., respondents.

Hassin Law Group (Sim & DePaola, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellant.
Newman Law Associates, PLLC, New York, NY (Jon E. Newman and Gregory P. Bakos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 23, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In March 2017, the plaintiff allegedly was injured while attempting to get into the driver's seat of his parked vehicle on Wythe Avenue in Brooklyn. The subject block of Wythe Avenue is a one-way street, with one lane for travel and one lane on each side of the street for parking. The accident occurred when the plaintiff opened the front driver's side door of his parked vehicle, and the door was struck by a box truck that was driving past the plaintiff's vehicle. The box truck was operated by the defendant Sean McNay, owned by the defendant Kharieh Bros., Inc. (hereinafter Kharieh Bros.), and allegedly leased to the defendant CBS Corporation (hereinafter CBS).
The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, their ownership, maintenance, and operation of the box truck. The defendants moved for summary judgment dismissing the complaint. By order dated June 23, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921; Richardson v Cablevision Sys. Corp., 173 AD3d 1083). "In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (Boulos v Lerner-Harrington, 124 AD3d at 709). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the [*2]issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). The issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts (see id. at 889).
In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against CBS and McNay, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence which established that the plaintiff violated Vehicle and Traffic Law § 1214 by opening the door on the side of his vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that this negligence was the sole proximate cause of the accident (see Elmekki v Covington, 207 AD3d 436, 437; Persaud v Hub Truck Rental Corp., 170 AD3d 907, 908; Williams v Persaud, 19 AD3d 686, 686). In opposition, the plaintiff failed to raise a triable issue of fact as to whether either CBS or McNay was at fault in the happening of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against CBS and McNay.
The Graves Amendment provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) is engaged in the trade or business of renting or leasing motor vehicles, and (2) engaged in no negligence or criminal wrongdoing contributing to the accident (see 49 USC § 30106[a]; Harewood v Zip Car, 189 AD3d 1192, 1193; Edwards v J & D Express Serv. Corp., 180 AD3d 871). Therefore, to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, Kharieh Bros. was required to show on the defendants' motion (1) that it owned the box truck driven by McNay, (2) that it engaged in the business of leasing or renting motor vehicles, (3) that the subject accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation that negligent maintenance contributed to the accident (see Caputo v Brown, 196 AD3d 456, 458; Lozano v Magda, Inc., 165 AD3d 1249; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 979-980). Here, Kharieh Bros. met its prima facie burden (see Caputo v Brown, 196 AD3d at 458; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928-929). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Kharieh Bros.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court