Gil v Frisina (2024 NY Slip Op 00407)

Gil v Frisina

2024 NY Slip Op 00407

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-00307
 (Index No. 715891/21)

[*1]Do Soon Gil, appellant, 
v
Sal Frisina, et al., respondents.

Steven Louros, New York, NY, for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 14, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and failure to use safety devices.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a vehicle she was operating was struck by a vehicle operated by the defendant Sal Frisina and owned by the defendant Air Valley, Inc. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and failure to use safety devices. In support, the plaintiff submitted, inter alia, an affidavit in which she averred that she was traveling straight when Frisina suddenly opened the driver's side door of his vehicle, which was parked in the parking lane, and the door struck the plaintiff's vehicle, and that the plaintiff had no time to take evasive action to avoid the impact. The plaintiff further averred that at the time of the accident, she was properly wearing a seatbelt. In an order entered December 14, 2022, the Supreme Court denied the motion as premature. The plaintiff appeals.
Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers." Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her affidavit, which demonstrated that Frisina violated Vehicle and Traffic Law § 1214 by opening the door on the side of his vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that his negligence proximately caused the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741; [*2]Elmekki v Covington, 207 AD3d 436, 437; Persaud v Hub Truck Rental Corp., 170 AD3d 907, 908). The plaintiff also established her prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that Frisina's negligence was the sole proximate cause of the accident and that the plaintiff was not at fault in the happening of the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d at 741; Elmekki v Covington, 207 AD3d at 437).
In opposition, the defendants, who did not submit an affidavit from Frisina, failed to raise a triable issue of fact (see Maliakel v Morio, 185 AD3d 1018, 1019). Contrary to the defendants' contention and the Supreme Court's determination, the defendants failed to demonstrate that those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence were premature. The defendants' mere hope or speculation that evidence that the plaintiff was comparatively negligent in the happening of the accident may be uncovered during the discovery process was insufficient to deny those branches of the motion (see CPLR 3212[f]; Quintanilla v Mark, 210 AD3d 713, 714; Liddell v Morrison, 204 AD3d 987, 989). Accordingly, the court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
However, the Supreme Court properly denied, as premature, that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense alleging failure to use safety devices (see Vehicle and Traffic Law § 1229-c[8]; Spier v Barker, 35 NY2d 444, 450; Brabham v City of New York, 105 AD3d 881, 883).
In light of the foregoing, it is not necessary to reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court