Garcia v Titus (2024 NY Slip Op 00410)

Garcia v Titus

2024 NY Slip Op 00410

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-06679
 (Index No. 152375/20)

[*1]Cesar O. Garcia, appellant, 
v
Diann Titus, respondent.

Cherny & Podolsky, PLLC, Brooklyn, NY (Gray L. Oxford of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated July 12, 2022. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle operated by the defendant struck the front driver's side door of a parked vehicle operated by the plaintiff as the plaintiff opened that door to exit the driver's seat of the vehicle. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's own negligence in opening the front driver's side door of his vehicle when it was not safe to do so was the sole proximate cause of the accident. In an order dated May 17, 2022, the Supreme Court granted the defendant's unoppposed motion for summary judgment dismissing the complaint. Thereafter, the plaintiff moved to vacate the order dated May 17, 2022, and thereupon, to deny the defendant's motion for summary judgment dismissing the complaint. In an order dated July 12, 2022, the court granted that branch of the plaintiff's motion which was to vacate the order dated May 17, 2022, and thereupon, granted the defendant's motion. The plaintiff appeals from so much of the order dated July 12, 2022, as granted the defendant's motion for summary judgment dismissing the complaint.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Dowd v Kharieh Bros., Inc., 216 AD3d 739, 740, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). Contrary to the plaintiff's contention, the evidence submitted by the defendant in support of her motion established her prima facie entitlement to judgment as a matter of law dismissing the complaint. The evidence established that the plaintiff violated Vehicle and Traffic Law § 1214 by opening the door of his parked vehicle on the side of the vehicle adjacent to moving traffic when it was not reasonably safe to do so, that he was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that this negligence was the sole proximate cause of the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d at 740; Elmekki v Covington, 207 AD3d 436, 437; Persaud v Hub Truck Rental Corp., 170 AD3d 907, 908; Williams v Persaud, 19 AD3d 686). [*2]In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was at fault in the happening of the accident (see Zuckerman v City of New York, 49 NY2d 557, 563). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court