White v U-Haul Co. of Ariz. (2024 NY Slip Op 01949)

White v U-Haul Co. of Ariz.

2024 NY Slip Op 01949

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-05175
 (Index No. 725354/20)

[*1]Corie E. White, respondent, 
v
U-Haul Co. of Arizona, appellant, et al., defendants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Ankesh Sharma of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant U-Haul Co. of Arizona appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated June 15, 2022. The order denied the motion of the defendant U-Haul Co. of Arizona for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant U-Haul Co. of Arizona for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.
The plaintiff allegedly was injured during a motor vehicle accident that occurred in Queens. At the time of the accident, the plaintiff was a passenger in a taxi that was struck by a vehicle (hereinafter the rental vehicle) allegedly owned and rented out by the defendant U-Haul Co. of Arizona (hereinafter UHAZ).
Thereafter, the plaintiff commenced this personal injury action against, among others, UHAZ. The plaintiff alleged, in relevant part, that UHAZ was negligent in the "operation, maintenance, management and control" of the rental vehicle. Before any depositions were scheduled or conducted, UHAZ moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The plaintiff opposed the motion without submitting any affidavits in support of his opposition. Those defendants that had asserted cross-claims against UHAZ did not oppose the motion. In an order dated June 15, 2022, the Supreme Court denied UHAZ's motion with leave to renew. UHAZ appeals.
"The Graves Amendment provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) is engaged in the trade or business of renting or leasing motor vehicles, and (2) engaged in no negligence or criminal wrongdoing contributing to the accident" (Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741; see 49 USC § 30106[a]; Harewood v Zip Car, 189 AD3d 1192, 1193). Therefore, to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it, UHAZ was required to show (1) that it owned the rental vehicle, (2) that it engaged in the business of leasing or renting motor vehicles, (3) that the [*2]subject accident occurred during the period of the lease or rental, and (4) that there was no triable issue of fact as to the plaintiff's allegation that negligent maintenance contributed to the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d at 741; Caputo v Brown, 196 AD3d 456, 458). UHAZ met its prima facie burden (see Dowd v Kharieh Bros., Inc., 216 AD3d at 741; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 929). In opposition, the plaintiff failed to raise a triable issue of fact (see Dowd v Kharieh Bros., Inc., 216 AD3d at 741).
Contrary to the plaintiff's contention, UHAZ's motion was not premature. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Mauro v City of New York, 204 AD3d 777, 779 [internal quotation marks omitted]; see Northfield Ins. Co. v Golob, 164 AD3d 682). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Mauro v City of New York, 204 AD3d at 779, quoting Lopez v WS Distrib., Inc., 34 AD3d 759, 760). Here, the plaintiff failed to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion were exclusively within UHAZ's knowledge and control.
Accordingly, the Supreme Court should have granted UHAZ's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court