De Rodriguez v EAN Holdings, LLC (2025 NY Slip Op 04159)

De Rodriguez v EAN Holdings, LLC

2025 NY Slip Op 04159

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-11217
 (Index No. 525550/22)

[*1]Solanyi De Los Santos De Rodriguez, et al., respondents, 
v
EAN Holdings, LLC, appellant, et al., defendants.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (Anne O'Brien and James M. Carman of counsel), for appellant.
Wellerstein & Associates, Maspeth, NY (Hedva Wellerstein of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant EAN Holdings, LLC, appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 17, 2023. The order denied the motion of the defendants EAN Holdings, LLC, Enterprise Holdings, Inc., and Elco Administrative Services Company for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendants EAN Holdings, LLC, Enterprise Holdings, Inc., and Elco Administrative Services Company which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants Enterprise Holdings, Inc., and Elco Administrative Services Company is dismissed since the defendants Enterprise Holdings, Inc., and Elco Administrative Services Company did not appeal from the order (see Hecht v City of New York, 60 NY2d 57; US Bank, N.A. v Lanzetta, 207 AD3d 501); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants EAN Holdings, LLC, Enterprise Holdings, Inc., and Elco Administrative Services Company which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant EAN Holdings, LLC, is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant EAN Holdings, LLC.
In July 2020, the plaintiffs, Solanyi De Los Santos De Rodriguez and Cesar Delossantos, commenced this action against the defendants, EAN Holdings, LLC (hereinafter EAN), Enterprise Holdings, Inc. (hereinafter Enterprise), Elco Administrative Services Company (hereinafter Elco and, collectively with EAN and Enterprise, the Enterprise defendants), Enock Prophete, and William Caldeira, to recover damages for personal injuries they alleged they sustained in September 2019 when a motor vehicle operated by Prophete and owned by EAN, struck the rear [*2]of the vehicle operated by Caldeira (hereinafter the September 2019 collision). The plaintiffs alleged, inter alia, that, during the September 2019 collision, they were both passengers in the vehicle operated by Prophete. The plaintiffs also alleged, among other things, that the vehicle driven by Prophete at that time was owned by the Enterprise defendants and was rented by those defendants to Prophete.
The Enterprise defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiffs opposed. In an order dated July 17, 2023, the Supreme Court denied the Enterprise defendants' motion (hereinafter the July 2023 order). EAN appeals.
Here, EAN is the only defendant appealing, and therefore, EAN cannot seek relief on behalf of the parties that have not appealed the July 2023 order (see Hecht v City of New York, 60 NY2d at 61-62; US Bank, N.A. v Lanzetta, 207 AD3d at 502). Accordingly, the appeal from so much of the July 2023 order as denied that branch of the Enterprise defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Enterprise and Elco must be dismissed.
Under the Graves Amendment, an owner of a motor vehicle which rents that vehicle to another cannot be held vicariously liable for personal injuries resulting from the use of the vehicle "during the period of the rental" if the owner: (1) "is engaged in the trade or business of renting or leasing motor vehicles"; and (2) "there is no negligence or criminal wrongdoing on the part of the owner" (49 USC § 30106[a][1], [2]; see Pinzon v United Rentals N. Am., Inc., 225 AD3d 905, 906). Here, EAN established, prima facie, (1) that it owned the vehicle driven by Prophete, (2) that EAN engaged in the business of leasing or renting motor vehicles, (3) that the September 2019 collision occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiffs' allegation of negligent maintenance contributing to the September 2019 collision (see Pinzon v United Rentals N. Am., Inc., 225 AD3d at 906; Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the Enterprise defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against EAN.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court