Cisco v Verizon N.Y., Inc. (2025 NY Slip Op 06843)

Cisco v Verizon N.Y., Inc.

2025 NY Slip Op 06843

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-03702
 (Index No. 510538/19)

[*1]Melissa G. Cisco, et al., appellants, 
vVerizon New York, Inc., et al., respondents.

Melissa G. Cisco, Hicksville, NY, appellant pro se and for appellant Shannon Cisco-Midgette.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Omar Y. Graham of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for inverse condemnation, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 20, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross-motion, among other things, for leave to file an amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Melissa G. Cisco and Shannon Cisco-Midgette, are the owners of certain real property located in Brooklyn (hereinafter the property). In 1936, a predecessor in interest of Verizon New York, Inc. (hereinafter Verzion), placed a utility pole (hereinafter the original pole) in the backyard of the property, which, as early as 2004 and continuing until 2015, contained equipment and facilities for Verizon's delivery of phone, internet, and cable service through copper wires, serving Verizon customers in the plaintiffs' neighborhood. In 2012, the original pole was damaged as a result of Hurricane Sandy. Following requests by the plaintiffs, in March 2015, Verizon replaced the original pole with a new pole. On March 7, 2015, one day prior to the actual replacement work, Cisco signed a document, referred to as a "right of way" document, which stated that "the undersigned hereby grants unto [Verizon] the permanent, right, privilege, and authority, to construct, reconstruct, relocate, replace, operate, repair, maintain and at its pleasure remove the following facilities," identifying those facilities as "cracked pole with cable and terminal thereon in rear yard." On April 6, 2015, Cisco signed a document from Verizon entitled "Certificate of Acceptance of Proposed Work," which identified the work as "Generally consist[ing] of placing FiOS fiber optic facilities on or about the property to provide FiOS services to owner's building and other buildings within the block."
In May 2019, the plaintiffs commenced this action against Verizon and Verizon's holding company, Verizon Communications, Inc. (hereinafter VCI), asserting, inter alia, causes of action sounding in inverse condemnation, continuing trespass, and unjust enrichment, and alleging violations of General Business Law § 349 in the nature of deceptive business practices and fraud. The plaintiffs alleged, in general, that they had agreed only to allow Verizon to repair, not replace, the original pole, and that they never agreed to allow Verizon to install new FiOS-related equipment [*2]onto the new pole, entitling them to just compensation under Transportation Corporations Law § 27.
In May 2023, the defendants moved for summary judgment dismissing the complaint. The plaintiffs opposed the defendants' motion and cross-moved, among other things, for leave to file an amended complaint. In an order dated December 20, 2023, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
The plaintiffs' contention that the defendants' failure to assert an improper party affirmative defense in the answer as required by CPLR 3018(b) prohibited the defendants from moving for summary judgment dismissing the complaint insofar as asserted against VCI on improper party grounds is without merit. As a general matter, "[f]ailure to plead a defense that must be pleaded affirmatively under CPLR 3018(b) is a waiver of that defense" (GMAC Mtge., LLC v Coombs, 191 AD3d 37, 40 [internal quotation marks omitted]). However, "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Freed v Best, 175 AD3d 1496, 1497 [internal quotation marks omitted]). Here, the plaintiffs were not prejudiced by the defendants' unpleaded improper party affirmative defense with respect to VCI, as the defendants' motion papers apprised the plaintiffs of that defense, and the plaintiffs availed themselves of the opportunity to respond in their opposition papers (see id.). Therefore, the defendants were not precluded from relying on an unpleaded affirmative defense that VCI was not a proper party as a basis for moving for summary judgment dismissing the complaint insofar as asserted against VCI (see Rosario v City of New York, 261 AD2d 380). Further, the defendants demonstrated, prima facie, that VCI was not a proper party to this action, and in opposition thereto, the plaintiffs failed to raise a triable issue of fact (see Mauro v City of New York, 204 AD3d 777, 778). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against VCI on the ground of improper party.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations' or whether the statute of limitations has been tolled" or whether an alternate date of accrual would render the action timely (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904, quoting Osborn v DeChiara, 165 AD3d 1270, 1271; see Tantleff v Kestenbaum & Mark, 131 AD3d 955, 958).
Here, the defendants demonstrated, prima facie, that this action was commenced beyond the expiration of the applicable three-year statute of limitations for the causes of action alleging violations of General Business Law § 349 (see CPLR 214[2]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789; Bennett v State Farm Fire & Cas. Co., 161 AD3d 926), which began to accrue no later than April 6, 2015. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing those causes of action as time-barred.
Inverse condemnation is the "manner in which a landowner recovers just compensation for a taking of his [or her] property when condemnation proceedings have not been instituted" (Corsello v Verizon N.Y., Inc., 18 NY3d at 785-786). In such an action, "an owner whose property has been taken de facto may sue the entity that took it to obtain just compensation, and if the action is successful . . . the compensation must be paid" (id. at 786). "A cause of action alleging trespass is distinguishable from a cause of action alleging a de facto taking, since a trespass may be temporary in nature, whereas a de facto taking is permanent" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 856; see Corsello v Verizon N.Y., Inc., 18 NY3d at 786). In general, "an action for trespass may not be maintained where the alleged trespasser has an easement over the land in question" (Julia Props., LLC v Levy, 137 AD3d 1224, 1225 [alteration and internal quotation marks omitted]), nor may it be maintained where the alleged trespasser entered a property with the property owner's consent (see Huang v Fort Greene Partnership Homes Condominium, 228 AD3d 912, 917; Boring v Town of Babylon, 147 AD3d 892, 893).
Here, the defendants demonstrated, prima facie, that Cisco consented to Verizon's entry into the property to repair the original pole, consented to the placing of fiber optic facilities on the new pole, and failed to raise any objections at the relevant time. In addition, the defendants demonstrated Verizon's prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in fraud insofar as asserted against Verizon, inasmuch as the plaintiffs failed to plead fraud with the requisite particularity (see Rosenblum v Board of Educ. Great Neck Union Free Sch. Dist., 231 AD3d 881), and Verizon's prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in unjust enrichment insofar as asserted against Verizon as duplicative of the causes of action sounding in inverse condemnation and trespass (see Corsello v Verizon, N.Y., Inc., 18 NY3d at 790-791). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
Contrary to the plaintiffs' contention, the Supreme Court also properly denied that branch of their motion which was for leave to file an amended complaint, because the proposed amendments did not cure the defects in the complaint that led to its dismissal (see Singh v T-Mobile, 232 AD3d 662, 667).
The plaintiffs' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court