MICHELE WILLIAMS, Respondent, v RONALD D. PERSAUD, Appellant. [798 NYS2d 495]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated January 27, 2005, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 23, 2000, the plaintiff allegedly was injured when, upon exiting her parked vehicle, she opened her driver-side door and struck the rear-quarter panel of the defendant's passing vehicle. After both parties were deposed, the defendant moved for summary judgment arguing that there was no evidence of his negligence. The Supreme Court should have granted the motion.

The plaintiff testified that she "parked the car and got out," and that "a second" elapsed from the time she allegedly looked in the side view mirror, saw nothing, opened the door, and heard the impact. This is consistent with the defendant's testimony that he was traveling in the right lane of traffic immediately to the left of the parking lane at 10 to 15 miles per hour when he heard a bang as he was passing the plaintiff's vehicle.

On these facts, the defendant established prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). There is nothing in the record to demonstrate that the defendant breached any duty owed to the plaintiff or, assuming such a breach, that any conduct on the part of the defendant was a proximate cause of the accident (*cf. Williams v City of New York*, 240 AD2d 734 [1997]; *Ferguson v Gassman*, 229 AD2d 464 [1996]). To the contrary, the evidence established that the plaintiff violated Vehicle and Traffic Law § 1214 by opening her door on the side adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of her senses, she should have seen (*see Levy v Town Bus Corp.*, 293 AD2d 452 [2002]). That the plaintiff was unable to recall the exact point

at which her door struck the defendant's vehicle did not raise a triable issue of fact. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.