AHMAD SHAH SAYED, Appellant, v VICTOR E. AVILES et al., Respondents. [900 NYS2d 122]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated May 27, 2009, which granted the de-

fendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

This action arises out of a collision between the defendants' minivan school bus and the plaintiff's car, which allegedly occurred when the minivan school bus attempted to pass the plaintiff's double-parked car. In support of their motion for summary judgment, the defendants submitted the deposition transcripts of both the plaintiff and the defendant bus driver. In his deposition testimony, the defendant bus driver testified that the hazard lights on the plaintiff's double-parked car were never on, that he saw the plaintiff enter his double-parked car and close the door, and that the impact occurred when the plaintiff suddenly opened his car door just as the bus was attempting to pass his double-parked car. In contrast, the plaintiff testified that when he double-parked his car, he turned on his hazard lights and left his car, that when he returned a few minutes later to move his car, he saw no oncoming traffic, and that he was attempting to enter his car when the impact occurred.

Contrary to the defendants' contention, their submissions in support of their motion failed to establish, prima facie, that the sole proximate cause of the accident was that the plaintiff double-parked his car in violation of Vehicle and Traffic Law § 1202 (a) (2), and opened his car door in the path of moving traffic without first ensuring that it was reasonably safe to do so in violation of Vehicle and Traffic Law § 1214. While the deposition testimony of the defendant bus driver could support a finding that the plaintiff's conduct was the sole proximate cause of the accident (*see Montesinos v Cote*, 46 AD3d 774 [2007]; *Williams v Persaud*, 19 AD3d 686 [2005]; *Ferguson v Gassman*, 229 AD2d 464, 464-465 [1996]), according the plaintiff, as the opponent of the motion, every favorable inference from the parties' submissions (*see Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 859, 862 [2009]; *Gray v New York City Tr. Auth.*, 12 AD3d 638 [2004]; *Nicklas v Tedlen Realty Corp.*, 305 AD2d 385, 386 [2003]), the defendants failed to meet their prima facie burden. The plaintiff's deposition testimony raised triable issues of fact as to whether he violated Vehicle and Traffic Law § 1214 and as to whether any causal connection between the plaintiff's violation of Vehicle and Traffic Law § 1202 (a) and the accident was severed by the defendant bus driver's negligent failure to see what his senses reasonably should have observed: the plaintiff attempting to enter his vehicle (*see Crisano v Spellman*, 294

AD2d 392 [2002]; *Weeks v Mackey*, 261 AD2d 536 [1999]; *Ferguson v Gassman*, 229 AD2d at 464-465). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment.

In light of our determination, the plaintiff's remaining contention has been rendered academic. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.