(May 25, 2010)

 Mohamed H. Abbas, Appellant, v L.L. Salavel et al., Respondents, et al., Defendant. [900 NYS2d 893]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated September 10, 2009, which granted that branch of the motion of the defendants L.L. Salavel and Metroplex Holdings, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when, as he attempted to enter his parked vehicle, the driver's side door of his car made contact with the trailer portion of a moving tractor-trailer owned by the defendant Metroplex Holdings, Inc., and operated by the defendant L.L. Salavel (hereinafter together the defendants).

In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, the defendants submitted evidence which established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The evidence established that the plaintiff violated Vehicle and Traffic Law § 1214 by opening the door on the side of his car adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen (see Montesinos v Cote, 46 AD3d 774 [2007]; Williams v Persaud, 19 AD3d 686 [2005]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see CPLR 3212 [b]). The plaintiff's affidavit, in which he averred that the truck moved to the right as it passed his car, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony and, thus, was insufficient to raise a triable issue of fact (see Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993 [2010]).

The plaintiff's contention that Christopher Salavec's deposition testimony should not have been considered by the Supreme Court in support of the defendants' motion was not raised in the Supreme Court and, thus, is not properly before this Court.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.