■ EMILY PRICE, Respondent, v EILEEN TASBER et al., Appellants. [43 NYS3d 120]—

In an action, inter alia, to recover damages for personal injuries, the defendant Sean D. Brady appeals from so much of an order of the Supreme Court, Kings County (King, J.), dated December 23, 2015, as denied his motion for summary judgment dismissing the second supplemental complaint insofar as asserted against him, and the defendants Eileen Tasber and Donald Dunbar separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for summary judgment dismissing the second supplemental complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from by the defendant Sean D. Brady, on the law, and his motion for summary judgment dismissing the second supplemental complaint insofar as asserted against him is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Eileen Tasber and Donald Dunbar; and it is further,

Ordered that one bill of costs is awarded to the defendant Sean D. Brady, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendants Eileen Tasber and Donald Dunbar.

The plaintiff allegedly sustained personal injuries when her bicycle collided with the open door of an automobile owned by the defendant Eileen Tasber and occupied by the defendant

Donald Dunbar (hereinafter the Tasber vehicle). At the time of the accident, the Tasber vehicle was parked within a parking lane. Another vehicle, which was owned and operated by the defendant Sean D. Brady, was stopped parallel to the passenger side of the Tasber vehicle, waiting to park in the space then occupied by the Tasber vehicle. As Dunbar opened the passenger door of the Tasber vehicle to advise Brady that the Tasber vehicle would be "leaving in a second," the plaintiff pedaled between the two vehicles and came into contact with the open door of the Tasber vehicle.

The plaintiff commenced the instant action. Thereafter, Brady moved and Tasber and Dunbar separately moved for summary judgment dismissing the second supplemental complaint insofar as asserted against each of them. The Supreme Court denied the motions.

The Supreme Court should have granted Brady's motion for summary judgment dismissing the second supplemental complaint insofar as asserted against him. Although the issue of proximate cause is generally one for the jury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980]), "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (*Shatz v Kutshers Country Club*, 247 AD2d 375, 375 [1998], quoting *Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). Here, in support of his motion, Brady demonstrated his prima facie entitlement to judgment as a matter of law by presenting evidence that his conduct in stopping his car while waiting for a parking space merely furnished the condition or occasion for the accident, and was not a proximate cause of the plaintiff's injuries (*see Wechter v Kelner*, 40 AD3d 747, 748 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court properly denied the motion of Tasber and Dunbar for summary judgment dismissing the second supplemental complaint insofar as asserted against them. In support of their motion, Tasber and Dunbar failed to eliminate all triable issues of fact as to whether Dunbar was negligent in opening the door when it was not reasonably safe to do so, and in allegedly failing to see what, by the reasonable use of his senses, he should have seen (*see* Vehicle and Traffic Law § 1214; 34 RCNY 4-12 [c]; *Mohr v Carlson*, 120 AD3d 1206, 1208 [2014]; *Abbas v Salavel*, 73 AD3d 1100, 1101 [2010]; *Montesinos v Cote*, 46 AD3d 774 [2007]; *Williams v Persaud*, 19 AD3d 686 [2005]). Since Tasber and Dunbar failed to meet their prima facie burden, we need not consider the sufficiency

of the plaintiff's papers in opposition to their motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Austin, Roman and Connolly, JJ., concur.