Persaud v Hub Truck Rental Corp. (2019 NY Slip Op 01808)





Persaud v Hub Truck Rental Corp.


2019 NY Slip Op 01808


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-03001
 (Index No. 5637/16)

[*1]Ishwar Persaud, appellant, 
v
Hub Truck Rental Corp., et al., respondents.


Gary E. Rosenberg, P.C., Fresh Meadows, NY, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Joseph Laird of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 18, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Daiai Trading Co., Inc., and Michael A. Riano, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Daiai Trading Co., Inc., and Michael A. Riano.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while sitting as a passenger in a parked vehicle. The accident occurred when the driver's side door of the parked vehicle was opened and made contact with a passing box truck leased to the defendant Daiai Trading Co., Inc. (hereinafter Daiai Trading), and operated by the defendant Michael A. Riano. The plaintiff commenced this action against Riano, Daiai Trading, and the owner of the box truck, HUB Truck Rental Corp.
The plaintiff moved for summary judgment on the issue of liability. In support of his motion, the plaintiff submitted an affidavit in which he stated that he believed the accident occurred when the driver of the parked vehicle opened the driver's side door to exit. He also submitted photographs that depicted damage to the door of the parked vehicle and damage to the body of the defendants' box truck, which was along the side of the body of the truck, as opposed to the cab. The defendants cross-moved for summary judgment dismissing the complaint. In support of the cross motion, and in opposition to the plaintiff's motion, the defendants submitted, among other things, an affidavit of Riano, in which he stated that, at the time of the accident, he was driving slowly due to unrelated police activity on the street when he observed the subject parked vehicle with all of its doors closed. Riano further stated that, after the cab of the defendants' truck had passed the parked vehicle, he heard the noise of that vehicle's door striking the side of the body of the truck that he was driving. Riano believed that when the door to the parked vehicle was opened, it caught on a hinge on the side of the defendants' truck. In opposition to the cross motion and in further support of his own motion, the plaintiff submitted only his attorney's affirmation.
In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The court determined that the plaintiff failed to establish that [*2]the defendants were negligent, and therefore was not entitled to summary judgment on the issue of liability. The court further determined that the defendants established that Riano was not negligent, and that the sole proximate cause of the accident was the negligence of the driver of the parked vehicle in opening the door into the moving box truck. The court also determined that liability against the defendant HUB Truck Rental Corp. was barred by the Graves Amendment (see 49 USC § 30106). The plaintiff appeals from so much of the order as denied that branch of his motion which was for summary judgment on the issue of liability insofar as asserted against Daiai Trading and Riano, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Riano and Daiai Trading.
The plaintiff's submissions failed to establish, prima facie, that the defendants breached any duty of care to him (see Williams v Persaud, 19 AD3d 686). Furthermore, the evidence the defendants submitted in support of their cross motion established their prima facie entitlement to judgment as a matter of law as to the defendants Riano and Daiai Trading (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). That evidence established that the driver of the parked vehicle violated Vehicle and Traffic Law § 1214 by opening the door on the side of the vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that this negligence was the sole proximate cause of the accident (see Abbas v Salavel, 73 AD3d 1100, 1101; Montesinos v Cote, 46 AD3d 774; Williams v Persaud, 19 AD3d 686). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Daiai Trading and Riano, and granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Riano and Daiai Trading.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court