Rincon v Renaud (2020 NY Slip Op 05068)





Rincon v Renaud


2020 NY Slip Op 05068


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-02324
 (Index No. 10106/17)

[*1]Alejandro Rincon, respondent,
v
Junette Renaud, appellant.


Goldberg, Miller & Rubin, P.C., New York, NY (Matthew D. Lavoie of counsel), for appellant.
Subin Associates, LLP, New York, NY (Robert J. Eisen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated September 28, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On January 9, 2016, the defendant double-parked her vehicle on 36th Avenue in Queens. The defendant opened her driver's side door to exit the vehicle, and the door came into contact with the plaintiff's bicycle. As a result, the plaintiff was thrown off his bicycle. The plaintiff commenced this personal injury action against the defendant. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant was negligent in opening the door of her vehicle when it was not reasonably safe to do so, in violation of Vehicle and Traffic Law § 1214. The Supreme Court granted the motion, and the defendant appeals.
The evidence that the plaintiff submitted in support of his motion, including his own affidavit, established his prima facie entitlement to judgment as a matter of law. The plaintiff established that the defendant violated Vehicle and Traffic Law § 1214 by opening the door on the side of her car adjacent to moving traffic when it was not reasonably safe to do so (see Montesinos v Cote, 46 AD3d 774; Williams v Persaud, 19 AD3d 686; cf. Price v Tasber, 145 AD3d 810, 811). In opposition, the defendant failed to provide a nonnegligent explanation (see Rodriguez v City of New York, 31 NY3d 312).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court