Elmekki v Covington (2022 NY Slip Op 04290)

Elmekki v Covington

2022 NY Slip Op 04290

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2020-07713
 (Index No. 719039/18)

[*1]Mohammed Elmekki, appellant, 
v
Etta Covington, et al., respondents. Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for appellant.

Dennis J. Kennedy, Garden City, NY (Jonathan D. Ivezaj of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 10, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the evening of July 15, 2016, the plaintiff allegedly was injured while sitting in the driver's seat of his parked vehicle on West 120th Street in Manhattan. The subject block of 120th Street is a one-lane, one-way street, with lanes on each side of the street for parking. At the time of the accident, the plaintiff was operating his vehicle in the course of his employment as a driver for Lyft, a rideshare company. He had double-parked his vehicle, a black Toyota Camry, on the left side of the street, in order to discharge two passengers.
The accident occurred when one of the plaintiff's passengers opened the right rear passenger side door of the parked vehicle. The door came into contact with a vehicle operated by the defendant Shaun D. Covington and owned by the defendant Etta Covington. At the time of the accident, the defendants' vehicle was in the process of passing the plaintiff's vehicle on the right side.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. In support of the motion, the defendants submitted, among other things, the transcripts of the deposition testimony of the plaintiff and Shaun D. Covington. The plaintiff opposed the motion. In an order entered September 10, 2020, the Supreme Court granted the motion. The plaintiff appeals.
The evidence submitted by the defendants in support of their motion established their prima facie entitlement to judgment as a matter of law dismissing the complaint. The evidence established that one of the passengers of the parked vehicle violated Vehicle and Traffic Law § 1214 by opening the door on the side of the vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of her senses, she should have seen, and that this negligence was the sole proximate cause of the accident (see Persaud v Hub [*2]Truck Rental Corp., 170 AD3d 907, 908; Abbas v Salavel, 73 AD3d 1100, 1101; Williams v Persaud, 19 AD3d 686, 686). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court