Tucubal v National Express Tr. Corp. (2022 NY Slip Op 05731)

Tucubal v National Express Tr. Corp.

2022 NY Slip Op 05731

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-05608
 (Index No. 516766/19)

[*1]Osman Tucubal, respondent, 
v
National Express Transit Corporation, et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Judy C. Selmeci of counsel), for appellants.
Michael J. Aviles & Associates LLC, New York, NY (Natascia Ayers, Eve Chowdhury, and Raymond Raskin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 22, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence is denied.
The plaintiff allegedly was injured when the bicycle he was riding collided with the driver's door of a van operated by the defendant Haliburton O. Stewart. At the time of the accident, the plaintiff was traveling northbound on Second Avenue in Brooklyn, riding a bicycle that had both pedals and an electric motor. Stewart, who had stopped the van near the curb, opened the driver's door to exit the van. The plaintiff, who was approaching Stewart's vehicle from behind, collided with the door and fell from the bicycle.
The plaintiff commenced this action against Stewart and the owners of the van he was driving to recover damages for the injuries he sustained in the accident. Before any depositions had been conducted, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In support of his motion, the plaintiff submitted, among other things, his own affidavit, in which he asserted that, at the time of the accident, he was riding approximately two to three feet from the vehicles standing on the right side of the street, at a speed of approximately five to seven miles per hour. The plaintiff averred that, as he was about to pass the defendant's van, the driver's door "suddenly, abruptly and without warning" swung open, "literally 2-3 feet in front of my bicycle." The plaintiff asserted that he "vigorously applied the brakes, but was not able to stop the bicycle," and "had no chance to avoid collision."
In opposition to the plaintiff's motion, the defendants submitted, inter alia, an affidavit from Stewart, in which he averred that, after stopping the van, he looked in his side-view [*2]mirror to see if anything was approaching. Stewart asserted that he "could see the entire northbound lane for approximately 200 feet behind [him], and there was nothing approaching." Stewart then opened the van door, and, "within approximately five seconds of opening the door," the plaintiff's bicycle collided with the door. Stewart stated that the plaintiff had been riding alongside the van, "within approximately one to two feet" of it, and he estimated, based on "the distance [the bicycle] must have traveled in approximately five seconds, and the force with which he collided with the door," that the plaintiff had been traveling in excess of 25 miles per hour. Stewart also mentioned that when he attempted to speak with the plaintiff after the accident, he noticed that the plaintiff smelled of alcohol.
In an order dated July 22, 2021, the Supreme Court granted the plaintiff's motion. The defendants appeal.
A court deciding a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833; Vargas v Town of Huntington, 206 AD3d 1034, 1035; Sayed v Aviles, 72 AD3d 1061, 1062). Here, contrary to the Supreme Court's determination, the parties' completely divergent accounts of the accident presented triable issues of fact, precluding an award of summary judgment to the plaintiff.
Specifically, in response to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence, the defendants raised a triable issue of fact as to whether the plaintiff's actions contributed to the happening of the accident. The assertions made in Stewart's affidavit, if credited, would support a finding that the plaintiff was riding his bicycle close to the parked vehicles, at a relatively high rate of speed, and possibly under the influence of alcohol, and he failed to perceive and avoid the van door, which had been open for as long as five seconds (see Ferguson v Gassman, 229 AD2d 464, 465; cf. Williams v Persaud, 19 AD3d 686).
Further, in response to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law on the issue of the defendants' liability, the defendants raised a triable issue of fact as to whether Stewart engaged in any negligent conduct that was a substantial factor in causing the accident. Stewart averred that, before opening the van door, he looked in his side-view mirror, where he was able to see the entire northbound lane for approximately 200 feet behind him, and he saw nothing approaching. Approximately five seconds later, the plaintiff's bicycle collided with the van door. These averments were sufficient to raise a triable issue of fact as to whether Stewart failed to see what, by the reasonable use of his senses, he should have seen, and whether he opened the van door when it was not reasonably safe to do so (see Vehicle and Traffic Law § 1214; Sayed v Aviles, 72 AD3d at 1062; cf. Garcia v BLS Limousine Service of New York, Inc., 199 AD3d 612). Although the plaintiff was not required to establish the absence of his own comparative fault in order to obtain summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312), if a jury were to completely credit Stewart's account of the accident, and discredit the plaintiff's account, it could find that the plaintiff's conduct in riding his bicycle at an unsafe speed, too close to parked vehicles, and possibly under the influence of alcohol, and failing to perceive the van door that had been open for as long as five seconds, was the sole proximate cause of the accident, and that the defendants, therefore, were free from fault.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court