Greene v Peets (2023 NY Slip Op 03454)

Greene v Peets

2023 NY Slip Op 03454

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-03519
 (Index No. 702074/17)

[*1]Richard M. Greene, appellant, 
v
Udel K. Peets, et al., respondents, et al., defendants.

Davidoff Law, P.C., Forest Hills, NY (Mark Peter Getzoni of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Craig M. Dolinger of counsel), for respondents.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for defendants Gafari Adelabou and Olohun Wa Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered March 16, 2020. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants Udel K. Peets, New York City Transit Authority, Metropolitan Transportation Authority, and Long Island Rail Road which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross-motion of the defendants Udel K. Peets, New York City Transit Authority, Metropolitan Transportation Authority, and Long Island Rail Road which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
In February 2017, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while exiting the rear driver's side door of a taxi operated by the defendant Gafari Adelabou and owned by the defendant Olahun Wa Corp. The plaintiff alleged that he opened the rear driver's side door of the taxi and attempted to exit the taxi when the door was struck by a truck operated by the defendant Udel K. Peets and owned by the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Long Island Rail Road.
Peets, New York City Transit Authority, Metropolitan Transportation Authority, and Long Island Rail Road (hereinafter collectively the LIRR defendants) cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff was the sole proximate cause of the accident. In an order entered March 16, 2020, the Supreme Court, among other things, granted that branch of the LIRR defendants' cross-motion. The plaintiff appeals.
The Supreme Court should have denied that branch of the LIRR defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them. [*2]"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d 757, 757-758). "There can be more than one proximate cause of an accident, and a defendant moving for summary judgment must show that it is free from fault" (Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d at 758).
Here, contrary to the Supreme Court's determination, the LIRR defendants failed to eliminate triable issues of fact as to the happening of the accident, as the evidence they submitted presented divergent accounts of the accident. The transcripts of the plaintiff's testimony at a hearing held pursuant to Public Authorities Law § 1276 and at his deposition, submitted by the LIRR defendants in support of their cross-motion, raised a triable issue of fact regarding the facts surrounding the accident and whether the plaintiff's conduct was the sole proximate cause of the accident (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789-790; Price v Tasber, 145 AD3d 810, 811; Sayed v Aviles, 72 AD3d 1061, 1062).
Accordingly, the Supreme Court should have denied that branch of the LIRR defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court