De La Luz Alfaro v Access-A-Ride (2024 NY Slip Op 03731)

De La Luz Alfaro v Access-A-Ride

2024 NY Slip Op 03731

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-08030
 (Index No. 517463/17)

[*1]Arturo De La Luz Alfaro, respondent, 
v
Access-A-Ride, et al., appellants.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia and Christopher Grimaldi of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated August 18, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2017, the plaintiff allegedly was injured while riding his electric bicycle in Brooklyn when the driver's side door of a parked Access-A-Ride vehicle owned by the defendant New York City Transit Authority, leased by the defendant Empire Paratransit Corp., and operated by the defendant Kyun Kim, opened in front of him, which resulted in the plaintiff striking the door. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained as a result of the accident. The defendants answered and asserted various affirmative defenses, including comparative negligence. The plaintiff moved for summary judgment on the issue of liability and dismissing certain affirmative defenses. By order dated August 18, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312; Marazita v City of New York, 202 AD3d 951). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case against a defendant on the issue of that defendant's liability (see Rodriguez v City of New York, 31 NY3d at 312; see e.g. Poon v Nisanov, 162 AD3d 804). "[However], the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative [*2]negligence" (Ramirez v Wangdu, 195 AD3d 646, 646; see Kirby v Davis, 208 AD3d 1171, 1173; Sebagh v Capital Fitness, Inc., 202 AD3d 853; Poon v Nisanov, 162 AD3d at 808). On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Sage v Taylor, 195 AD3d 971; Gobin v Delgado, 142 AD3d 1134, 1135).
Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers." Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, a transcript of his deposition testimony and his affidavit, as well as a transcript of the deposition testimony of Kyun Kim and the statements Kyun Kim provided following the accident concerning the accident. Such evidence demonstrated, prima facie, that Kyun Kim violated Vehicle and Traffic Law § 1214 by opening the door on the side of his vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that his negligence proximately caused the accident (see Do Soon Gil v Frisina, 223 AD3d 878, 878-879; Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741; Elmekki v Covington, 207 AD3d 436, 437; Persaud v Hub Truck Rental Corp., 170 AD3d 907, 908). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that Kyun Kim's negligence was the sole proximate cause of the accident and that the plaintiff was not at fault in the happening of the accident (see Do Soon Gil v Frisina, 223 AD3d at 879; Dowd v Kharieh Bros., Inc., 216 AD3d at 741; Elmekki v Covington, 207 AD3d at 437).
In opposition, the defendants neither set forth a nonnegligent explanation for the accident nor raised a triable issue of fact as to whether any of the plaintiff's actions contributed to the happening of the accident (see Rodriguez v City of New York, 31 NY3d at 312; Rincon v Renaud, 186 AD3d 1551; cf. Tucubal v National Express Tr. Corp., 209 AD3d 788).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
DILLON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court