Angelastro v Dyer (2024 NY Slip Op 04237)

Angelastro v Dyer

2024 NY Slip Op 04237

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-08928
 (Index No. 51104/20)

[*1]Philip J. Angelastro, et al., appellants, 
v
Sherica Dyer, respondent.

Scarcella Law Offices, White Plains, NY (M. Sean Duffy of counsel), for appellants.
James F. Butler, Jericho, NY (Rebecca L. Marks of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated October 18, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff Philip J. Angelastro (hereinafter the injured plaintiff), who was employed by nonparty Con Edison to perform road work, allegedly sustained injuries when he opened the driver's side door of his Freightliner truck and the defendant's vehicle struck the door. At the time of the accident, the injured plaintiff's truck was parked on Broadway in Dobbs Ferry, which was undergoing construction. Although the road was usually a two-way road with one lane in each direction of travel, due to the construction, flaggers holding signs directed traffic into a single lane.
Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. After discovery, the defendant moved for summary judgment dismissing the complaint, contending that she was not liable for the accident because the injured plaintiff violated Vehicle and Traffic Law § 1214. The plaintiffs opposed the motion. In an order dated October 18, 2021, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Galloway v Lux Credit Consultants, LLC, 224 AD3d 891, 892, quoting McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). "There can be more than one proximate cause of an accident, and a defendant moving for summary judgment must show that [he or she] is free from fault" (Greene v Peets, 217 AD3d 927, 928-929 [internal quotation marks omitted]). Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic."
Here, contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that the injured plaintiff's alleged violation of Vehicle and Traffic Law § 1214 was the sole proximate cause of the accident (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789-790; Sayed v Aviles, 72 AD3d 1061, 1062). In support of her motion, the defendant submitted, among other things, transcripts of her deposition testimony and the deposition testimony of the injured plaintiff. Although this deposition testimony could support a finding that the injured plaintiff's conduct was the sole proximate cause of the accident (see Sayed v Aviles,72 AD3d at 1062; Montesinos v Cote, 46 AD3d 774; Williams v Persaud, 19 AD3d 686), according the plaintiffs, as the opponents of the motion, every favorable inference, these submissions failed to eliminate triable issues of fact as to whether the injured plaintiff reasonably relied upon his observation of the flaggers in opening the truck door and whether the defendant disregarded a flagger's direction to stop prior to colliding with the door of the injured plaintiff's truck (see Tucubal v National Express Tr. Corp., 209 AD3d at 789; Sayed v Aviles, 72 AD3d at 1062). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint, the court should have denied her motion, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court