Tsering v Fifth Ave. Foods, LLC (2025 NY Slip Op 01253)

Tsering v Fifth Ave. Foods, LLC

2025 NY Slip Op 01253

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-04852
 (Index No. 713372/20)

[*1]Gonpo Tsering, respondent, 
v
Fifth Avenue Foods, LLC, et al., appellants.

Varvaro, Cotter & Bender, White Plains, NY (Rose M. Cotter of counsel), for appellants.
Elliot Ifraimoff & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 14, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and the emergency doctrine.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and the emergency doctrine are denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained due to a collision between a vehicle that he was operating and a vehicle operated by the defendant Eric D. Dean and owned by the defendant Fifth Avenue Foods, LLC. The plaintiff moved, among other things, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and the emergency doctrine. In support of his motion, the plaintiff submitted, among other material, the transcript of his deposition testimony. At his deposition, the plaintiff testified that his vehicle was parked when it was struck in the rear by the defendants' vehicle. In opposition, the defendants submitted, among other material, an affidavit of Dean. Dean asserted that, as he was driving the defendants' vehicle slowly out of a parking spot after making a delivery, the plaintiff's vehicle "cut in front of [Dean]" and double-parked, causing Dean to drive around the plaintiff's vehicle and "slightly clip[ ]" the mirror of the plaintiff's vehicle with the mirror of the defendants' vehicle. In an order entered June 14, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her [*2]prima facie case against a defendant on the issue of that defendant's liability (see Rodriguez v City of New York, 31 NY3d at 324-325). "[However], the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative negligence" (Ramirez v Wangdu, 195 AD3d 646, 646). On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789).
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and the emergency doctrine. The plaintiff's submissions in support of his motion established, prima facie, that the defendants were negligent, that the defendants' negligence was the sole proximate cause of the collision (see Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d 827, 828), and that judgment dismissing the affirmative defense alleging the emergency doctrine was warranted as a matter of law (see CPLR 3212[b]). However, the defendants' submissions, notably the affidavit of Dean, whose account of the collision diverged in material respects from the plaintiff's, presented triable issues of fact in opposition to the prima facie showings (see Tucubal v National Express Tr. Corp., 209 AD3d at 789).
The defendants' remaining contention is without merit.
Accordingly, we reverse the order insofar as appealed from and deny those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and the emergency doctrine.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court