Baker v Michaels Elec. Supply Corp (2025 NY Slip Op 04698)

Baker v Michaels Elec. Supply Corp

2025 NY Slip Op 04698

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-04976
 (Index No. 505339/23)

[*1]Sandra Baker, appellant, 
v
Michaels Electric Supply Corp, et al., respondents.

Monarch Law Group, New York, NY (Robert G. Androsiglio of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 31, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, Derrick Cofman (hereinafter the defendant driver) and Michaels Electric Supply Corp, to recover damages for personal injuries she allegedly sustained when the bicycle she was riding made contact with the driver's side door of the defendants' vehicle, which was parked in the street. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated January 31, 2024, the Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case against a defendant on the issue of that defendant's liability" (Tsering v Fifth Ave. Foods, LLC, 236 AD3d 703, 704; see Rodriguez v City of New York, 31 NY3d at 324-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative negligence" (Ramirez v Wangdu, 195 AD3d 646, 646; see Kirby v Davis, 208 AD3d 1171, 1173).
Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave [*2]a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers." Here, the plaintiff established her prima facie entitlement to judgment as a mater of law on the issue of liability by submitting her affidavit. The plaintiff's affidavit demonstrated that the defendant driver violated Vehicle and Traffic Law § 1214 by opening the door on the side of his vehicle adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, and that his negligence proximately caused the accident (see Alfaro v Access-A-Ride, 229 AD3d 503, 505; Do Soon Gil v Frisina, 223 AD3d 878, 878-879; Rincon v Renaud, 186 AD3d 1551). The plaintiff also established, prima facie, that she was not at fault in the happening of the accident (see Alfaro v Access-A-Ride, 229 AD3d at 505; Do Soon Gil v Frisina, 223 AD3d at 879).
In opposition, however, the defendants submitted an affidavit of the defendant driver that raised triable issues of fact as to how the accident occurred, whether the plaintiff was comparatively at fault in the happening of the accident, and whether the defendant driver was negligent in the happening of the accident (see Tucubal v National Express Tr. Corp., 209 AD3d 788; Sayed v Aviles, 72 AD3d 1061, 1062).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court