W. C. V. v Wilson (2025 NY Slip Op 07331)

W. C. V. v Wilson

2025 NY Slip Op 07331

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-09466
 (Index No. 705149/22)

[*1]W. C.., etc., et al., appellants, 
v
Wesley Wilson, et al., respondents.

Gambone Law Group, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Dean L. Pillarella of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered August 17, 2023. The judgment, upon an order of the same court entered February 16, 2023, inter alia, granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint.
ORDERED that the judgment is affirmed, with costs.
The infant plaintiff, by her mother, and her mother suing individually, commenced this action against the defendants to recover damages for personal injuries they each sustained when, while the plaintiffs were inside their parked vehicle, the defendants' vehicle made contact with the rear driver's side door of the plaintiffs' vehicle. The defendants moved for summary judgment dismissing the complaint on the ground that the sole proximate cause of the accident was someone in the plaintiffs' vehicle opening the plaintiffs' rear driver's side door and striking the defendants' vehicle as it passed, in violation of Vehicle and Traffic Law § 1214. In an order entered February 16, 2023, the Supreme Court granted the defendants' motion and in a judgment entered August 17, 2023, the court dismissed the complaint. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). "In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (Boulos v Lerner-Harrington, 124 AD3d at 709). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). The issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts (see id.).
Here, contrary to the plaintiffs' contention, the evidence submitted by the defendants in support of their motion established their prima facie entitlement to judgment as a matter of law dismissing the complaint. The evidence established that one of the occupants of the plaintiffs' [*2]parked vehicle violated Vehicle and Traffic Law § 1214 by opening the rear driver's side door, which was adjacent to moving traffic, when it was not reasonably safe to do so and that this was the sole proximate cause of the accident (see Elmekki v Covington, 207 AD3d 436, 437; Persaud v Hub Truck Rental Corp., 170 AD3d 907, 908; see also Do Soon Gil v Frisina, 223 AD3d 878, 879). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants were negligent in the happening of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320; Abbas v Salavel, 73 AD3d 1100, 1101).
The plaintiffs' contention that the defendants' motion for summary judgment was premature is raised for the first time on appeal and is not properly before this Court (see Formato v Formato, 231 AD3d 1123, 1125; Kravets v Striano, 229 AD3d 613, 614; Orellana v Mendez, 208 AD3d 888, 890).
Accordingly, the Supreme Court properly dismissed the complaint.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court