Perez v New York City Tr. Auth.

2026 NY Slip Op 02856

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anagilcia Perez, plaintiff-respondent,

v

New York City Transit Authority, et al., defendants-respondents, Steven Cymbalsky, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-01211, (Index No. 510243/20)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Bilello, Zapantis, Garner, & Puglisi, Westbury, NY (Kate L. Dorney of counsel), for appellant.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for plaintiff-respondent.

Pettus & Williams, PLLC, New York, NY (Bryan Williams of counsel), for defendants-respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant Steven Cymbalsky appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 4, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.

ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Steven Cymbalsky for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him is granted.

The plaintiff was a passenger in an Access-A-Ride vehicle. The driver of that vehicle, the defendant Peter L. Brown, parked the vehicle and opened the driver's side door. The driver's side door made contact with a vehicle driven by the defendant Steven Cymbalsky. Thereafter, the plaintiff commenced this action against Brown, the New York City Transit Authority, and Maggies Paratransit Corp. (hereinafter collectively the nonmoving defendants) and Cymbalsky to recover damages for injuries she allegedly sustained as a result of this incident. Cymbalsky moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him. The plaintiff and the nonmoving defendants separately opposed the motion. In an order dated October 4, 2023, the Supreme Court, inter alia, denied Cymbalsky's motion. Cymbalsky appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Angelastro v Dyer, 230 AD3d 627, 628 [internal quotation marks omitted]; see Galloway v Lux Credit Consultants, LLC, 224 AD3d 891, 892). "There can be more than one proximate cause of [*2]an accident, and a defendant moving for summary judgment must show that [he or she] is free from fault" (Angelastro v Dyer, 230 AD3d at 628 [internal quotation marks omitted]). Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers."

Here, Cymbalsky established his prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against him. Cymbalsky testified at his deposition that he was driving at a speed of 15 miles per hour in a 25 mile per hour speed zone, and the plaintiff testified at her deposition that the collision occurred "like a second" after the Access-A-Ride vehicle's door was opened. Cymbalsky's vehicle sustained damage to the passenger side headlamp and fender and both passenger side doors. On this record, the evidence established that Brown violated Vehicle and Traffic Law § 1214 by opening the door on the side of the Access-A-Ride vehicle adjacent to moving traffic when it was not reasonably safe to do so and was negligent in failing to see what, by the reasonable use of his senses, he should have seen, that his negligence proximately caused the collision, and that Cymbalsky was not at fault in the happening of the collision (see Alfaro v Access-A-Ride, 229 AD3d 503, 504; Rincon v Renaud, 186 AD3d 1551, 1551; Williams v Persaud, 19 AD3d 686, 686). In opposition, the plaintiff and the nonmoving defendants failed to raise a triable issue of fact (see Alfaro v Access-A-Ride, 229 AD3d at 505; cf. Baker v Michaels Elec. Supply Corp., 241 AD3d 768, 769-770).

Accordingly, the Supreme Court should have granted Cymbalsky's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court